UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM DAVID BODENBACH,<br><br>        Petitioner,<br><br>v.<br><br>RANDY VALLEY,<br><br>        Respondent. | Case No. 1:23-cv-00303-CWD<br><br>**INITIAL REVIEW ORDER** |

Through counsel, Petitioner Adam David Bodenbach has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. *Pet.*, Dkt. 1. The Court is required to review every habeas corpus petition upon receipt to determine whether it should be served upon the respondent, amended, or dismissed. 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition must be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

### 1.  Background

Petitioner was convicted of first-degree murder following a jury trial in the Fourth Judicial District Court in Ada County, Idaho. Petitioner was sentenced to life in prison with 25 years fixed. Petitioner pursued a direct appeal as well as state post-conviction relief.

Petitioner brings several claims in the instant Petition. Claim I asserts a denial of due process based on the trial court's "initial aggressor instruction," which allegedly lowered the State's burden of proof. *Pet*. at 9. Claim II asserts ineffective assistance of trial counsel for failure to object with specificity to the trial court's initial aggressor instruction. *Id*. at 11.

In Claim III, Petitioner asserts ineffective assistance based on trial counsel's failure to request an instruction on "imperfect self-defense." *Id*. at 14. Claim IV asserts ineffective assistance based on the failure of trial counsel to consult, and present the expert testimony of, a toxicologist or pharmacologist. *Id*. at 17. Finally, Claim V asserts ineffective assistance for failing to develop and present mitigating evidence at sentencing. *Id*. at 20.

**2.    Discussion**

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Plaintiff's constitutional claims are colorable. Therefore, the Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

**ORDER**

**IT IS ORDERED:**

1. The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 1), along with any attachments, together with a copy of this Order, on L.

       LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may consider the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

3. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

4. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's

answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

5. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

6. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

DATED: September 6, 2023

Honorable Candy W. Dale
U.S. Magistrate Judge