UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM DAVID BODENBACH,<br><br>      Petitioner,<br><br>v.<br><br>RANDY VALLEY, Warden,<br><br>      Respondent. | Case No. 1:23-cv-00303-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Adam David Bodenbach, challenging Petitioner's state court conviction of first-degree murder. Dkt. 1. Respondent has filed a Motion for Partial Summary Dismissal, seeking dismissal of Claims 2, 3, and 5. Dkt. 12. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 11; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Dkt. 7. Having carefully reviewed the record, including the state court proceedings, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing Claims 2, 3, and 5 with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Bodenbach*, 448 P.3d 1005 (Idaho Sept. 3, 2019). The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner shot and killed Ryan Banks in January 2017. Petitioner contended he shot Banks in self-defense after Banks attacked him with a knife. *Id*. at 1010. An Ada County jury rejected the self-defense claim and convicted Petitioner of first-degree murder (along with a sentencing enhancement for use of a firearm) and possession of cocaine. He was sentenced to life in prison with 25 years fixed. *Id*. at 1011.

On direct appeal, the Idaho Supreme Court held that the trial court erred in using certain language in an initial-aggressor instruction with respect to Petitioner's contention that he acted in self-defense. However, because trial counsel had not specifically objected to the language of the instruction,[1] the court reviewed only for fundamental error.[2] The state supreme court held that although the instructional error was clear, Petitioner could not show prejudice from the error. *Id*. at 1015–16. Thus, the court affirmed the conviction.

---

[1] Trial counsel generally objected to the giving of an initial-aggressor instruction, but did not object to (and, indeed, acquiesced in) the language of the instruction. *Bodenbach*, 448 P.3d at 1011–12.

[2] Under Idaho's fundamental-error doctrine, an error to which no objection was made at trial can result in reversal only if "(1) … one or more of the defendant's unwaived constitutional rights were violated; (2) the error [was] clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) … the error affected the defendant's substantial rights, meaning (in most instances) that it must have affected the outcome of the trial proceedings." *State v. Perry*, 245 P.3d 961, 978 (Idaho 2010).

MEMORANDUM DECISION AND ORDER - 2

Petitioner, acting pro se, then filed a state post-conviction petition. *State's Lodging C-3* at 2–16. The petition asserted several claims. As pertinent here, Petitioner raised the following claims of ineffective assistance of trial counsel:

- Failure to object with specificity to the initial-aggressor jury instruction;
- Failure to request a jury instruction on imperfect self-defense;
- Failure to consult with, and present the testimony of, a toxicologist regarding Petitioner's alleged consumption of Xanax after the shooting, in addition to the cocaine he ingested before the shooting; and
- Failure to develop and present mitigating evidence at sentencing.

*Id*. at 5–15.

Petitioner filed a motion for appointment of counsel in the post-conviction proceeding, which was granted. Appointed counsel did not amend the petition.

Petitioner's counsel filed a motion to release the presentence investigation report and notices of non-objection to certain of the state's motions. *State's Lodging C-2* at 20, 23, 47. However, counsel did not respond to the court's notice of intent to dismiss the post-conviction petition.

Reviewing the merits of the post-conviction petition, the state district court rejected Petitioner's claims. *Id*. at 52–80. Initial post-conviction counsel filed an appeal and prepared the order granting Petitioner's motion for appellate counsel. *Id*. at 83–87.

The motion for counsel was granted, and appellate counsel raised a single claim: that trial counsel rendered ineffective assistance by failing to consult and present the testimony of a toxicologist. *State's Lodging D-2* at 10–19. Petitioner did not argue that

MEMORANDUM DECISION AND ORDER - 3

trial counsel should have objected with specificity to the initial-aggressor instruction, requested a jury instruction on imperfect self-defense, or presented mitigating evidence at sentencing. The Idaho Court of Appeals rejected Petitioner's claim regarding counsel's failure to consult with a toxicologist, and the Idaho Supreme Court denied review. *State's Lodging* D-5; D-8.

In the instant federal habeas corpus petition, Petitioner asserts five claims. In Claim 1, Petitioner alleges that the trial court's initial-aggressor instruction lessened the state's burden of proof on an essential element of a crime and, thus, violated due process. *Pet*. at 9. Claim 2 asserts ineffective assistance of trial counsel based on counsel's failure to object specifically to the language of the initial-aggressor instruction. *Id*. at 11. In Claim 3, Petitioner contends his trial counsel was ineffective in failing to request a jury instruction on "imperfect self-defense." *Id*. at 14. Claim 4 alleges ineffective assistance of counsel for failing to consult with, and present the testimony of, a toxicologist or pharmacologist. *Id*. at 17. Finally, Claim 5 asserts ineffective assistance of trial counsel based on counsel's failure to develop and present mitigating evidence at sentencing. *Id*. at 20.

## DISCUSSION

Respondent argues that Claims 2, 3, and 5 are subject to summary dismissal as procedurally defaulted and that Petitioner has not shown an excuse for the default. For the reasons that follow, the Court agrees.

1.  **Standard of Law Governing Summary Dismissal**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

2.  **Procedural Default Standards of Law**

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at

161–62. If a petitioner's claim is procedurally defaulted, a federal district court can hear the merits of the claim only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

3. **Claims 2, 3, and 5 Are Procedurally Defaulted, and Petitioner Has Not Established an Excuse for the Default**

In his initial post-conviction proceedings, Petitioner raised Claims 2, 3, and 5 to the state district court. However, he did not raise Claims 2, 3, or 5 to the Idaho Supreme Court in his post-conviction appeal. As Petitioner concedes, therefore, those claims are procedurally defaulted. Petitioner argues, however, that he is excused from the default due to cause and prejudice.

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to pursue the claim. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ineffective assistance of initial post-conviction counsel can constitute cause for the default of a substantial underlying claim of ineffective assistance of trial counsel.

*Martinez v. Ryan*, 566 U.S. 1, 9 (2012).[3] However, ineffective assistance of post-conviction *appellate* counsel is not a basis to excuse the default of a trial-counsel ineffectiveness claim. *Id*. at 16 (stating that the *Martinez* cause-and-prejudice exception for defaulted ineffective assistance claims does not apply to "attorney errors in … appeals from initial-review collateral proceedings").

One other limited circumstance in which post-conviction counsel's conduct may constitute cause to excuse a procedural default is attorney abandonment. *Maples v. Thomas*, 565 U.S. 266, 288–89 (2012). In *Maples*, the petitioner's attorneys left their employment with their law firm; they did not seek leave of court to withdraw from representing Petitioner, nor did they ensure that another attorney took over the representation. *Id*. at 270–71. The petitioner was not notified of these facts and continued to believe he was represented by counsel. The petitioner did not learn of the dismissal of his state post-conviction case, and he missed the appeal deadline as a result. *Id*. at 278–79.

In the petitioner's later federal habeas case, the Supreme Court excused the procedural default of the petitioner's claims, holding that the attorneys' abandonment of the petitioner constituted cause and prejudice. Under *Maples*, to establish abandonment

---

[3] Although *Martinez v. Ryan* can excuse procedural default and permit a petitioner to *raise* an IAC claim in federal habeas, it does not permit factual development outside the state court record to *prove* that IAC claim. Instead, claims that may be raised under *Martinez* remain subject to 28 U.S.C. § 2254(e)(2), which does not permit new evidence in federal habeas proceedings unless (1) the petitioner shows actual innocence and (2) the claim relies either on a new, retroactive rule of constitutional law or on a factual predicate that could not previously have been discovered. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (U.S. May 23, 2022).

MEMORANDUM DECISION AND ORDER - 7

by post-conviction counsel, a petitioner must show that his attorney's inaction was so egregious that it effectively severed, without notice, the attorney-client relationship and left the petitioner "without any functioning attorney of record." *Id.* at 288; *see id.* at 281 ("Having severed the principal-agent relationship, an attorney no longer acts, or fails to act, as the client's representative."). Mere negligence on the part of post-conviction counsel does not suffice, because "under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent." *Id.* at 294.

Here, Petitioner contends that his initial post-conviction counsel rendered ineffective assistance—and, indeed, abandoned him—in the state district court and did not pursue the post-conviction petition. Petitioner claims his initial post-conviction counsel "had effectively abandoned [Petitioner] and offered no argument, evidence, or any resistance to dismissal whatsoever in the [state] district court." *Memo. in Opp.*, Dkt. 56, at 11–14. As a result, Petitioner claims, post-conviction appellate counsel was unable to raise Claims 2, 3, or 5 in good faith to the Idaho Supreme Court. To Petitioner's mind, the claims were not defaulted on appeal from the dismissal of the post-conviction petition, but instead in the initial post-conviction proceeding as a result of counsel's abandonment.

Relying on *Martinez* and *Maples*, Petitioner contends he has established cause and prejudice to excuse the default of Claims 2, 3, and 5. The Court disagrees.

Petitioner asserted Claims 2, 3, and 5 in his initial state post-conviction petition. The state district court thoroughly analyzed the claims and rejected them on the merits.

Post-conviction appellate counsel then chose to raise only the claim regarding trial counsel's failure to consult a toxicologist. There is no evidence in the record as to why appellate counsel made that choice.

Petitioner contends appellate counsel must have been constrained by the lack of an adequate record due to the failures of initial post-conviction counsel. But the reason for the choice of which claims to raise could just as easily have been because appellate counsel made a strategic decision as to which claim to assert, and which claims to omit. Such strategic decisions are entitled to heavy deference. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (rejecting the argument "that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."); *id.* at 751–52 ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

As a result, the Court cannot simply assume that post-conviction appellate counsel's choice to omit Claims 2, 3, and 5 from the post-conviction appeal based on any conduct of Petitioner's initial post-conviction counsel. Claims 2, 3, and 5 were defaulted on appeal from the dismissal of Petitioner's post-conviction petition, not in the initial post-conviction proceeding. Therefore, the cause and prejudice exception does not apply to excuse the default of those claims. *See Martinez*, 566 U.S. at 16.

Furthermore, the Court is not persuaded by Petitioner's argument, based on *Maples*, that Petitioner's initial post-conviction counsel abandoned him in the state

MEMORANDUM DECISION AND ORDER - 9

district court. Attorney abandonment occurs only when counsel effectively ceases representation without notice to the client, leaving the petitioner unknowingly "without any functioning attorney of record." *Maples*, 565 U.S. at 288. That is, the attorney's inaction must have been so egregious that the client essentially has *no* representation but does not know it.

Petitioner has not established that his initial post-conviction counsel abandoned him. Perhaps post-conviction counsel was negligent, but negligence on the part of post-conviction counsel does not constitute *Maples* abandonment. Counsel filed documents in the state district court post-conviction proceeding, filed an appeal after the dismissal of the petition, and drafted the proposed order appointing appellate counsel. Post-conviction counsel did not abandon Petitioner within the meaning of *Maples*. Thus, Petitioner's default of Claims 2, 3, and 5 is not excused by reason of cause and prejudice.

## CONCLUSION

For the foregoing reasons, the Court concludes that Claims 2, 3, and 5 are procedurally defaulted without excuse. Accordingly, those claims must be summarily dismissed.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Reply (Dkt. 17) is GRANTED.

2. Respondent's Motion for Partial Summary Dismissal (Dkt. 12) is GRANTED, and Claims 2, 3, and 5 are DISMISSED with prejudice.

3. Respondent must file an answer to the remaining claims within 60 days of the date of this Order. Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: September 3, 2024

_____
Honorable Candy W. Dale
U.S. Magistrate Judge